# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| AUSTIN SIMPSON, | * | |
| | * | No. 14-1117V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: April 22, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which respondent |
| | * | has not objected. |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Diana S. Sedar</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 17, 2014, Robin McCarthy-Stancavage, on behalf of A.S., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, <u>et seq.</u>,[2] (the "Vaccine Act"). Petitioner alleged that A.S. suffered small fiber neuropathy and chronic pain syndrome. On February 11, 2016, Austin Simpson was substituted as petitioner after reaching the age of majority. The undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. <u>Decision</u>, issued Nov.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

24, 2015.  Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

On April 19, 2016, petitioner filed an unopposed motion for attorneys' fees and costs.[3]  Petitioner requests attorneys' fees and costs in the amount of **$28,000.00**.  In compliance with General Order #9, petitioner states that they have incurred **$447.65** in out-of-pocket litigation expenses while pursuing this claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.  Accordingly, the undersigned awards:

    a. **A lump sum of $28,000.00,[4] in the form of a check made payable to petitioner and petitioner's counsel, Diana Stadelnikas Sedar, of Maglio Christopher and Toale, PA.**

    b. **A lump sum of $447.65, payable to Robin McCarthy-Stancavage, for costs incurred in pursuit of this petition.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                            s/Christian J. Moran
                                            Christian J. Moran
                                            Special Master

---

[3] The motion was filed as an unopposed motion but does not specifically state that respondent has no objection.  In the motion, petitioner states that respondent has no objection to petitioner's request.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.